UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Steven J. Welsch, | ) | |
| | ) | No. 16 B 33498 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Carol A. Doyle |

**MEMORANDUM OPINION**

Trenda Welsch, the ex-spouse of chapter 13 debtor Steven Welsch, moved to lift the automatic stay so she could ask a state court to modify a domestic support order in her divorce case. The motion will be denied as unnecessary: the stay does not stop her from making that request. Although her motion was not opposed, the discussion below may provide guidance to parties and to state courts.

I.   Automatic Stay and Domestic Relations Proceedings

The automatic stay in 11 U.S.C. § 362(a) stops many proceedings against debtors in bankruptcy. Section 362(b), however, contains a long list of exceptions to the automatic stay. In particular, that section excepts from the automatic stay many proceedings that typically occur in state domestic relations proceedings. Section 362(b)(2) declares that § 362(a) does not operate as a stay:

    (A)    of the commencement or continuation of a civil action or proceeding —

        (I)    for the establishment of paternity;
        (ii)    for the establishment or modification of an order for domestic support obligations;

        (iii)    concerning child custody or visitation;

        (iv)    for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or

        (v)    regarding domestic violence;

(B)    of the collection of a domestic support obligation from property that is not property of the estate;

11 U.S.C. § 362(b)(2).

Ms. Welsch wants to modify an order that governs the debtor's obligation to pay child support so that the order includes college expenses. That would be a "modification of an order for domestic support obligations" that is specifically excepted from the stay in § 362(b)(2)(A)(ii).

"Domestic Support Obligation" is defined in § 101(14A) of the Bankruptcy Code as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
>
> (A)    owed to or recoverable by –
>
>     (i)    a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
>     (ii)    a government unit;
>
> (B)    *in the nature of alimony, maintenance, or support* (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C)    established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>
>     (i)    a separation agreement, divorce decree, or property settlement

      agreement;

    (ii) an order of a court of record; or

    (iii) a determination made in accordance with applicable nonbankrupcy law by a government unit; and

  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (emphasis added).  State courts, then, may enter orders establishing a party's right to alimony, maintenance, or support and may modify such an order without violating the stay.

  Here, the state court entered an order before the bankruptcy case was filed that provided for child support.  The child will be attending college soon, and Ms. Welsch wants the order modified to provide for this expected expense.  The automatic stay does not bar her request for a modification of an order of support.  The state court is free to modify the support order and any other order providing for alimony, maintenance, or support without a modification of the stay.  Her motion to lift the stay was needless; there was no stay to lift.

II. <u>Proceedings the Stay Does Not Stop</u>

  Indeed, state courts are free to proceed with many matters over which they typically preside in domestic relations cases without a modification of the stay.   They may:

   -determine whether maintenance, alimony, or support should be required and enter orders regarding those determinations;

   -determine whether a previous order for maintenance, alimony, or support should be modified and enter an order modifying such a previous order;

-determine whether a marriage should be dissolved and enter an order dissolving the marriage;

-enter orders concerning child custody and visitation;

-enter orders regarding domestic violence; and

-enter orders allowing non-debtors to collect on domestic support obligations from property as long as the property is not property of the bankruptcy estate.

III.     Proceedings the Stay Does Stop

Only two important types of proceedings in domestic relations cases are barred by the automatic stay: the division of marital property that is property of the estate, and proceedings to collect on a domestic support obligation from property of the estate.

"Property of the estate" means property of the bankruptcy estate. Section 541 of the Code defines what is property of the estate. 11 U.S.C. § 541. In cases under all chapters of the Code, property of the estate generally includes all property in which the debtor had any interest of any kind on the date the bankruptcy case was filed. *Id.* In a chapter 13 case, property of the estate also includes post-petition earnings and other property that the debtor acquires after the case was filed but before it is closed, dismissed, or converted to another chapter. 11 U.S.C. § 1306.

Under these definitions and § 362(a), the stay applies to any proceeding in the state court to divide marital property if one spouse files a bankruptcy petition before the state court enters an order distributing marital property. That is because all of the property of the spouse who is in bankruptcy is property of the bankruptcy estate. Although proceedings to divide marital property must cease when the bankruptcy case is filed, bankruptcy courts will almost always modify the stay to permit those proceedings to continue. If the bankruptcy case is a chapter 7 case, a trustee

might wish to be involved in those proceedings, but the stay will still almost always be modified to permit the state court to complete them.

The stay also applies to proceedings to collect a domestic support obligation from property of the bankruptcy estate. How that works depends on the chapter under which the debtor's bankruptcy case is pending. In a chapter 7 case, the debtor's post-petition income and assets generally are not property of the estate. The stay therefore will not bar domestic relations proceedings attempting to collect on domestic support obligations from post-petition income of the chapter 7 debtor. If the debtor is in chapter 13, on the other hand, the stay will bar any proceeding to collect from post-petition income while the chapter 13 case is pending because that income is estate property.

IV.     Non-Bankruptcy Courts May Hold Status Hearings Without Violating Stay

Ms. Welsch filed the motion here because the state court judge was uncomfortable proceeding with any matter before him without a stay modification. Parties to divorce cases often file motions like this because the state court judges are often concerned about violating the automatic stay and want guidance from the bankruptcy court regarding whether the stay applies.

This is something state courts can decide for themselves. Nothing stops a state court from determining the status of the bankruptcy case and deciding whether the stay applies. Though only a bankruptcy court can modify the stay, a state court can decide whether the stay applies to the proceeding before it and whether a motion in the bankruptcy court is really necessary. *See, e.g., Bank of Am., N.A. v. Kusek*, 2017 IL App (1st) 163228-U, 2017 WL 4411010 (1st Dist. September 29, 2017) (holding that the circuit court properly determined that the stay did not

apply to a motion to substitute counsel in a stayed foreclosure action). In fact, this court encourages state court judges hearing domestic relations cases to make these determinations precisely because the stay affects so few of the proceedings before them.

Even when a matter in the state court is stayed, the stay does not prevent the state court from holding periodic status hearings to determine whether the stay is still in effect. *See, e.g., In re Peters*, 101 F.3d 618, 619 (9th Cir. 1996) (holding that continuing a foreclosure sale to a future date does not violate the stay); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871 (8th Cir. 1988) (concluding district court could require counsel to appear and advise it of the progress of the bankruptcy case); *In re Roach*, 660 F.2d 1316, 1318 (9th Cir. 1981) (concluding that notices postponing sale of debtor's property did not violate the stay); *In re Cobb*, 88 B.R. 119, 120 (Bankr. W.D. Tex. 1988) (holding that status hearing does not violate the stay because it does not move the case forward toward a judicial determination). *See also In re Kuzniewski,* 508 B.R. 678, 686-87 (Bankr. N.D. Ill. 2014) (holding that a state court collection action may be continued and stayed for the course of the bankruptcy without violating the stay); *In re Kline*, 2011 WL 3879485, at *5 (Bankr. D.N.M. Sept. 2, 2011) (finding creditors who took no action to pursue foreclosure did not violate the stay even though they did not seek dismissal); *In re Long*, 2009 WL 981134, at *4 (Bankr. D. Mont. Jan. 9, 2009) (preserving the status quo in a state court collection action does not violate the stay).

To the extent that *In re Nancy Hall-Walker*, 445 B.R. 873 (Bankr. N.D. Ill. 2011), holds otherwise, it is incorrect. In *Hall-Walker*, a debtor had failed to comply with her obligations under a marital settlement agreement. Her ex-spouse filed a petition in the state court to enforce the obligation, and the state court found her in contempt. She then filed a chapter 13 bankruptcy

case. The state court held a hearing to determine the bankruptcy's effect on the contempt proceeding and continued the matter several times over the next year to determine the status of the bankruptcy case. The bankruptcy case was then dismissed a year later for failure to make payments. A month after that, the debtor filed a second chapter 13 bankruptcy case. Her counsel appeared at the next state court hearing and asked that the contempt proceeding be placed on a "bankruptcy stay calendar." The state court judge explained that there was no such calendar but ordered that no action be taken to collect from the debtor while the stay was in effect and set a status hearing six months later. The debtor then sought sanctions against the ex-spouse in the bankruptcy court for violating the stay.

The *Hall-Walker* court held that the ex-spouse had violated the stay by "continuing" the contempt proceeding. 445 B.R. at 876. It also held that the state court order – the order that no collection actions be taken while the stay was in effect and continuing the status hearing – was "void," and that the debtor need not appear at that future status hearing. 445 B.R. at 879.

That conclusion was incorrect. Although it is unclear from the decision whether the ex-spouse was actively trying to collect on the debt, there is no doubt that the judge who held the status hearing and set another status hearing six months later did not violate the stay in doing so. To the contrary, he treated the matter as he should have; his order was not void. As the cases cited above make clear, the state court was free to hold hearings to ascertain whether the stay remained in effect.

*Hall-Walker* seems to interpret the prohibition in § 362(a) against the "commencement or *continuation* . . . of a judicial . . . action or proceeding" to prohibit even a state court's *continuance* of a matter. The word *continuation* in § 362(a) means an effort to advance the

action against the debtor, to make progress against the debtor, such as by serving a complaint filed pre-petition. It does not mean "continuing" a status hearing to a future date simply to determine if the bankruptcy case still affects a state court proceeding. Continuances like these keep the matter against the debtor "on hold" consistent with the stay; they do not advance the matter in the creditor's favor. *See, e.g., Cobb*, 88 B.R. at 120.

The *Hall-Walker* court relied on *Eskanos & Adler P.C. v. Leentein*, 309 F.3d 1201 (9th Cir. 2002), for the proposition that a party violates the stay by "continuing" a collection action in state court. *Eskanos* held that a creditor who *filed* a post-petition collection against a chapter 7 debtor violated the stay and must either dismiss "*or stay*" such an action or else risk sanctions. *Id.* at 1214 (emphasis added). The court explained that the stay requires "an immediate freeze of the status quo." *Id.* The court did not hold or even suggest, however, that a state court may not hold a hearing to determine how the bankruptcy case affects a proceeding before it, or that it could not continue the case to a later date to determine whether the stay was still in effect. The creditor in *Eskanos* had filed a post-petition collection lawsuit, served the complaint, and then "calendared" the case for a future hearing in the state court, all in violation of the stay. The state court would not have violated the stay, though, if it had held a status hearing, concluded that the stay was in effect, and then continued the case for a future status hearing to determine whether the stay remained in effect. The *Eskanos* court recognized as much when it distinguished its previous decisions in *Roach* and *Peters*, stating that both involved postponement of pre-petition foreclosure proceedings - the equivalent of continuances - that merely "maintained the bankruptcy proceeding's status quo" and thus did not violate the stay. *Id*. at 1215. *Eskanos* did

not hold that merely continuing a case to determine whether the stay is still in effect violates the stay.

If holding a status hearing to determine the impact of the bankruptcy case on a divorce proceeding violated the stay, a state court could never determine whether the stay applies, something it is undisputably entitled to do. Indeed, it makes sense for state courts hearing domestic relations cases to hold periodic status hearings on matters to which the stay applies when the debtor has filed a chapter 13 case. Debtors in chapter 13 cases must make monthly plan payments for three to five years. Many cases are dismissed before the debtors complete their plans, usually for failure to make plan payments.[1] When the case is dismissed, the stay is no longer in effect, 11 U.S.C. § 362(c), allowing all non-bankruptcy proceedings to which the stay applied to go forward. Holding periodic status hearings to make sure that the bankruptcy case has not been dismissed is appropriate and does not violate the stay.[2]

---

[1] Fewer than 50% of chapter 13 debtors in this district complete their plans and receive a discharge of their debts. *See* Administrative Office of United States Court, Bankruptcy Abuse and Prevention Consumer Protection Act (BAPCPA) Report (December 31, 2018), https://www.uscourts.gov/statistics-reports/bapcpa-report-2018.

[2] A chapter 7 case is much less likely to be dismissed without a discharge. Debtors in chapter 7 cases usually receive discharges a few months after filing the bankruptcy petition.

V.	Conclusion

The automatic stay does not apply to any proceeding in state court to enter or modify an order regarding alimony, support, or maintenance. Ms. Welsch's petition for college contribution seeks a modification of a previously entered order for child support. The stay does not apply to her petition. Her motion will be denied as unnecessary.


Dated: July 30, 2019

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge